## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MAGNOLIA FLEET, LLC**                                    CIVIL ACTION

**VERSUS**                                                        No. 23-79

**MARSH BUGGIES, INC.**                                    SECTION I

### ORDER & REASONS

Before the Court is plaintiff Magnolia Fleet, LLC's ("Magnolia Fleet") motion[1] for default judgment against defendant, Marsh Buggies, Inc. ("Marsh Buggies"). Magnolia Fleet requests that the Court enter judgment in its favor in the amount of $6,428.12 and award post-judgment interest. For the reasons that follow, the Court will grant the motion.

### I. BACKGROUND

Magnolia Fleet alleges that it entered into an oral agreement with Marsh Buggies in May 2020 "for the provision of pushboats, towage, and shifting services" (the "Agreement").[2] Between May 17 and July 7, 2022, Magnolia Fleet performed towage and shifting services for Marsh Buggies pursuant to the Agreement and issued an invoice to Marsh Buggies for those services in the amount of $12,856.25 on July 20, 2022.[3] Magnolia Fleet made written demand for payment on November 23,

---

[1] R. Doc. No. 12. Magnolia Fleet previously filed a motion for a default judgment on May 17, 2023. R. Doc. No. 10. Magnolia Fleet filed the instant motion for default judgment on June 7, 2023 to clarify the claim as to which it seeks default judgment.
[2] R. Doc. No. 1, ¶ 6.
[3] Id. ¶¶ 7–8.

2022, but alleges that a balance of $6,428.12 remains due and owing.[4] Magnolia Fleet filed this action on January 6, 2023, alleging causes of action for breach of maritime contract and for open account, pursuant to La. Stat. Ann. § 9:2781.[5]

The summons issued to Marsh Buggies on January 9, 2023[6] was returned executed, and Marsh Buggies' answer was due on February 2, 2023,[7] but no answer or responsive pleading was filed. Upon motion by Magnolia Fleet, the Clerk of Court issued an entry of default against Marsh Buggies on March 7, 2023.[8] On April 14, 2023, Magnolia Fleet effected service of the entry of default upon Marsh Buggies' registered agent, Perry Autin.[9] Plaintiff moved for a default judgment on May 17, 2023[10] and filed the instant motion for a default judgment on June 7, 2023.[11] To date, Marsh Buggies has filed no answer or responsive pleading.

## II. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required period. Fed. R. Civ. P. 55(b).

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for

---

[4] *Id.* ¶¶ 9–10.
[5] *Id.* ¶¶ 11–24.
[6] R. Doc. No. 4.
[7] R. Doc. No. 5.
[8] R. Doc. No. 7.
[9] R. Doc. No. 8.
[10] R. Doc. No. 10.
[11] R. Doc. No. 12.

an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotations omitted). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After the clerk has entered a default, the plaintiff may move for a default judgment under Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). At this point, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotations and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of

default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

If the Court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on such a motion [for a default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, 161 F.3d 7, at *1 (5th Cir. 1998) (unpublished opinion); *see Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150,

4

at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

### III. ANALYSIS

#### a.   Breach of Maritime Contract

To determine whether a contract is a maritime contract, "the answer depends upon . . . the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004) (internal quotations and citation omitted). Thus, a court should focus its inquiry on whether maritime commerce is the principal objective of the contract. *Id.* at 24–25. The Supreme Court has long held that a contract to tow another vessel is a maritime contract and that fact is "too clear for argument." *Knapp, Stout & Co. Company v. McCaffrey*, 177 U.S. 638, 643 (1900); see also *Kossick*, 365 U.S. at 735 ("Without doubt a contract for hire either of a ship or of the sailors and officers to man her is within the admiralty jurisdiction.").

The contract at issue in this case was "for the provision of pushboats, towage, and shifting services . . . pursuant to which the pushboat M/V ADELINE provided services to [Marsh Buggies] and its vessels."[12] Therefore, the contract's "'purpose is to effectuate maritime commerce—and thus it is a maritime contract.'" *Barrios v. Centaur, L.L.C.*, 942 F.3d 670, 676 (5th Cir. 2019) (quoting *Kirby*, 543 U.S. at 27).

---

[12] R. Doc. No. 1, ¶ 6.

Maritime contracts, such as the one at issue in the instant case, are governed by general maritime law. *See Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 412 (5th Cir. 1982); *accord One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 262 (5th Cir. 2011). It is a "given that admiralty jurisdiction exists for an action involving the breach of a maritime contract." *Planned Premium Servs. of La., Inc. v. Int'l Ins. Agents, Inc.*, 928 F.2d 164, 165 (5th Cir. 1991) (citing *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283 (5th Cir. 1989)).

"For maritime contract disputes, federal courts apply general principles of contract construction and interpretation 'that can be found in treaties or restatements of the law.'" *Superior Shipyard & Fabrication, Inc. v. M/V CECILE A. FITCH*, No. 22-1169, 2023 WL 3179680, at *3 (E.D. La. May 1, 2023) (Barbier, J.) (quoting *Int'l Marine, L.L.C. v. FDT, L.L.C.*, 619 F. App'x 342, 349 (5th Cir. 2015)). "[O]ral contracts are generally regarded as valid by maritime law." *One Beacon Ins. Co.*, 648 F.3d at 265 (quoting *Kossick v. United Fruit Co.*, 365 U.S. 731, 734 (1961)).

"'The elements for breach of contract in maritime . . . [cases are]: (1) contract; (2) breach of that contract; and (3) damages.'" *Mid-Gulf Shipping Co. Inc. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 324 (E.D. La. 2020) (Africk, J.) (quoting *FEC Heliports, LLC v. Hornbeck Offshore Operators, LLC*, No. 15-4827, 2016 WL 5678557, at *5 (E.D. La. Oct. 3, 2016) (Feldman, J.)). The Court, taking Magnolia Fleet's well-pleaded factual allegations as true, *Wooten*, 788 F.3d at 498, finds that Magnolia Fleet has demonstrated that all elements necessary to prove a breach of maritime contract have been met. First, there was an oral contract between Magnolia Fleet and Marsh

Buggies.[13] *See One Beacon Ins. Co.*, 648 F.3d at 265. Second, Magnolia Fleet sent Marsh Buggies an invoice in the amount of $12,856.25 for the services Magnolia Fleet performed pursuant to the contract,[14] but Marsh Buggies paid only half.[15] Third, Marsh Buggies has not paid Magnolia Fleet the remaining balance of $6,428.12.[16] Accordingly, the Court will enter a default judgment in favor of Magnolia Fleet and against Marsh Buggies as to Magnolia Fleet's claim for breach of maritime contract.[17]

### b.   Amount of Recovery

Having so concluded, the Court must "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co.*, 2017 WL 3991076, at *5. In support of its motion, Magnolia Fleet submitted the invoice provided to Marsh Buggies,[18] the demand letter sent to Marsh Buggies,[19] and a sworn declaration,[20] which establish the amount owed to Magnolia Fleet by Marsh Buggies is $6,428.12. The Court concludes that the amount demanded is a sum certain and that the evidence submitted by Magnolia Fleet reflects the amount owed by Marsh Buggies. Therefore, there is no need for an evidentiary hearing.

---

[13] R. Doc. Nos. 1, ¶ 6, 1-2, at 1.
[14] R. Doc. No. 1-1, at 1.
[15] R. Doc. No. 1, ¶ 10.
[16] *Id.*
[17] Magnolia Fleet's motion for default judgment "avers that [Magnolia Fleet's] second count, Open Account under Louisiana Open Accounts Statute, LA R.S. § 9:2781, may be dismissed, and that Magnolia Fleet does not seek recovery of attorney's fees or costs." R. Doc. No. 12-1, at 3.
[18] R. Doc. No. 1-1.
[19] R. Doc. No. 1-2.
[20] R. Doc. No. 12-3.

Magnolia Fleet also requests post-judgment interest.[21] "Federal law governs post-judgment interest." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). Magnolia Fleet may recover post-judgment interest pursuant to 28 U.S.C. § 1961, which provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

## IV. CONCLUSION

Having considered Magnolia Fleet's motion and accompanying exhibits, as well as the applicable law, the Court finds that there are no factors that weigh against entering a default judgment against Marsh Buggies. Accordingly,

**IT IS ORDERED** that the motion[22] for default judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Magnolia Fleet and against Marsh Buggies in the principal amount of $6,428.12 and post-judgment interest pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Magnolia Fleet's remaining claim against Marsh Buggies for open account under Louisiana law is **DISMISSED WITHOUT PREJUDICE**.

---

[21] R. Doc. No. 1, ¶ 22.
[22] R. Doc. No. 12.

**IT IS FURTHER ORDERED** that Magnolia Fleet's prior motion[23] for default judgment is **DISMISSED AS MOOT**.

New Orleans, Louisiana, June 12, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. No. 10.